IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JAMES WALKER | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASCENSION HEALTH and | ) |
| ST. THOMAS MIDTOWN HOSPITAL | ) |
|     Defendants | ) |

## COMPLAINT

JURISDICTION AND VENUE

1. This action is brought to remedy discrimination on the basis of sex (gender) and age in the terms, conditions and privileges of employment and to remedy retaliation against Plaintiff for activity protected under Title VII all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (Title VII).

2. Damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e (f) and (g) and 29 USC §216 (b).

3. Plaintiff has complied fully with all the prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

4. As the unlawful employment practices complained of herein occurred within the Middle District of Tennessee, venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3)

1

PARTIES

5. The Plaintiff, James Walker, born May 2, 1961, is a resident of Sumner County Tennessee, filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant, and was issued a right to sue on March 31, 2017.

6. Defendant, Ascension Health, hereinafter referred to as "Defendant" is a non-profit foreign corporation entity whose principal office is located at 4600 Edmondson Road, Saint Louis, Missouri 63134-3806. The registered agent for service is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

7. Defendant, Saint Thomas Midtown Hospital, hereinafter referred to as "Defendant" is a non-profit domestic corporation entity whose principal office is located at 2000 Church Street, Nashville, Tennessee 37236-0001. The registered agent for service is E. Berry Holt III, 102 Woodmont Blvd., Suite 800, Nashville, Tennessee 37205-2221.

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff commenced employment with Defendant on September 2008 as a registered nurse circulator. He was terminated on July 16, 2015. Prior to that Plaintiff had worked for St. Thomas Surgicare from 2003-2008, when he voluntarily left to take employment with Defendant.

9. At all times relevant to the subject matter of this lawsuit, Plaintiff has been a Registered Nurse, having practiced since 1997 with 17 years of his career in surgery.

10. Plaintiff would state that never in any instance did he receive any form of disciplinary action during his career from 1997 to 2014. However, once Carrie Strobel became

2

Director of Surgery, Plaintiff was subjected to disciplinary acts which Plaintiff maintains were discriminatory in nature based on gender and age.

11. At all times relevant to the subject matter of this lawsuit, Plaintiff's medical unit consisted of approximately thirty (30) nurses, of which only two were male, Plaintiff and John Simmons.

12. Plaintiff would state that shortly after Strobel transferred to his unit, he spoke with her concerning Plaintiff's professional objective of advancement into a leadership role.

13. On or about early 2014, a team-lead position became available in Plaintiff's unit and he applied for the job. Plaintiff would state that his first interview was with Strobel and a new board runner, Rhonda Bomar RN, and that during the interview process no mention was made of any deficiencies regarding Plaintiff's performance.

14. On or about two-weeks after the interview Plaintiff was summoned to Strobel's office where Strobel informed Plaintiff that, "his co-workers didn't care for him" and that his attitude was poor. Strobel challenged Plaintiff to speak with his co-workers regarding how they felt.

15. Plaintiff would state that he used the opportunity to speak with co-workers and could find no-one to confirm Strobel's allegations. On the contrary, two co-workers and two physicians provided reference letters supporting Plaintiff.

16. Plaintiff would state that subsequently the position he applied for was given to a younger, less experienced female nurse. Plaintiff was then instructed to assist her with the decision-making regarding the flow of the operating room, and support her, whenever the manager was absent.

3

17. Plaintiff would state that the woman selected was unqualified in the position as she was severely lacking knowledge of all surgical procedures, for example, names of procedures, what some procedures entailed, length of procedures, number of staff needed for procedures.

18. On or about April of 2015, there was an open position in Plaintiff's unit for department manager. Plaintiff spoke once again with Strobel and asked to be considered for the position. Strobel refused the application stating that she "would need to think about this". Plaintiff made it clear that he believed Strobel to be treating him unfairly in the hiring process.

19. Plaintiff would state that he was at the time of application for the open positions detailed herein: (1) over 40-years of age in a "protected group"; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) he was rejected and a less experienced individual outside the protected class was selected.

20. On or about April 2015, Plaintiff received his first disciplinary action, a write-up for using foul language. Plaintiff had started to take a patient to recovery, when a scrub tech stated she was going outside to smoke a cigarette. Plaintiff returned to the room to finish charting while the room was being cleaned. When Plaintiff finished charting the scrub tech had still not returned. When the scrub tech finally arrived in the room Plaintiff reminded her of the smoking policy and that it was her responsibility to prepare the room for the patient. Plaintiff would state that he informed the scrub tech of the smoking policy and that she should not be smoking and making a patient wait. At no time did Plaintiff use foul language, at all times, he treated her professionally with respect.

4

Case 3:17-cv-00986   Document 1   Filed 06/28/17   Page 4 of 9 PageID #: 4

21. Plaintiff would state that at the time of the incident he was standing next to an anesthetist who backed up Plaintiff's version of the event. On belief and knowledge the scrub tech had a history of excessive smoke breaks and that patient delays were common with this scrub tech. Plaintiff had spoken with Rhonda Bomar RN board runner, several times regarding the behavior of this particular scrub tech. However, she was never disciplined in any manner.

22. Further, Plaintiff reminded Strobel that he had reported the tech scrub in the past for taking smoke breaks during pre-op procedures but no disciplinary actions had been taken against her.

23. When Plaintiff detailed his version of the incident to Strobel she refused to listen and served him with the disciplinary action. Plaintiff refused to sign and instead put his version of the incident on the form. Strobel then gave Plaintiff "homework" due the following day demanding how he planned to correct his behavior. Defendant's homework assignment was retaliation for Plaintiff refusing to concede to Defendant's illegal acts of discrimination. Further, Defendant used the disciplinary action to retaliate against Plaintiff for his inquiries into reasons he had been overlooked for a less experienced younger female.

24. Plaintiff would state that Strobel shortly thereafter told him that he as a registered nurse was 100% responsible for the operating room and it was his job to ensure the scrub had all the items prior to commencing a procedure. Plaintiff would state that in his entire career as a registered nurse he was never aware of the role of the registered nurse to manage and take responsibility for all other operating room personnel. Further, Plaintiff did not receive any compensation for the expanded role. Further, he was the only registered nurse responsible for other employee's actions.

25. Plaintiff would state that he is not aware of any female nurse to be ever reprimanded for leaving the operating room to get needed items, or ever told they were 100% responsible for others.

26. Plaintiff would state that he received a disciplinary action shortly thereafter. Dr. McDowell, a bariatric surgeon, informed hospital staff that they were no longer to insert catheters in his bariatric cases. Plaintiff, while setting up a patient a for him, alerted Dr. McDowell that he had not placed a catheter in the patient to which McDowell clarified that he limited the procedure to gastric bypass patients, not gastric sleeve patients. Plaintiff had worked with Dr. McDowell for approximately 4-years previously and had never received any complaint. However, Strobel used the opportunity to discipline Plaintiff. No investigation as to the actual events was ever conducted by Defendant.

27. On or about July 13, 2015, Plaintiff was assigned Dr. McDowell's operating room a new first assist, female, about 1.5 months in bariatric surgery, and second assist, female, first day of bariatric surgery, for a Lap gastric band revision. The two new less experienced employee's appeared overwhelmed with their new responsibilities, and inadvertently overlooked attaching the patient's leg straps. Dr. McDowell was not present for positioning of the patient. Plaintiff would state that during our timeout prior to surgery the leg straps were not mentioned as they are strictly a preference of the physician, and not a protocol. After the surgery started the patient slid 6-8 inches towards the end of the table. We stopped the surgery and repositioned the patient and placed the leg straps. The placing of the leg straps are strictly the responsibility of the nurse first assist and not Plaintiff.

28. Plaintiff would state that no harm was done to the patient. Plaintiff would state that he has direct knowledge of incidents in which similarly situated staff were treated differentially from Plaintiff: 1) a scrub tech damaged a patients ovary; and 2) a first assist nurse injured a patient's nipple. Both nurses were young and female. Neither nurse was disciplined, yet Plaintiff was fired for the actions of others that caused no harm to the patient.

29. On or about July 15, 2017, Plaintiff met with Human Resources and was terminated. The nurse first assist who left the leg straps off was not disciplined in any manner.

30. Shortly thereafter Plaintiff's termination, the only other male in Plaintiff's unit, John Simmons was also terminated.

31. Plaintiff would state that the actions of Defendant of making Plaintiff completely responsible for the actions of other personnel in the operating room without promotion or pay were an act of retaliation designed to terminate him because of his age and gender. Plaintiff was the only registered nurse in his unit that was made responsible for others actions.

32. Plaintiff would state that the retaliatory acts described herein by Defendant created a hostile work environment under which he was overlooked for advancement on the basis of age and gender.

FIRST CAUSE OF ACTION

33. Plaintiff repeats and re-alleges each and every allegation stated heretofore with the same force and effect as if stated herein.

34. Defendants have discriminated against Plaintiff in the terms and conditions of his employment on the basis of his age in contravention of Title VII. "In the age discrimination context, a plaintiff may establish a prima facie case by establishing that "(1) he was at least 40

years old at the time of the alleged discrimination, (2) he was subjected to an adverse employment action, (3) he was otherwise qualified for the position, and (4) he was rejected and someone outside the protected class was selected." *Harris v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 594 F.3d 476, 485 (6th Cir. 2010); cited by *Marsh v. Associated Estates Realty Corp.*, 2012 U.S. Dist. LEXIS 48453, *13 * ( E.D. Mich. Apr. 5, 2012)

35. Plaintiff is suffering and continues to suffer irreparable injury and damages as a result of Defendants' discriminatory actions unless this Honorable Court grants relief.

## SECOND CAUSE OF ACTION

36. Plaintiff repeats and re-alleges each and every allegation stated heretofore with the same force and effect as if stated herein.

37. Defendants have discriminated against Plaintiff in the terms and conditions of his employment on the basis of his gender, in contravention of Title VII.

38. Plaintiff is suffering and continues to suffer irreparable injury and damages as a result of Defendants' discriminatory actions unless this Honorable Court grants relief.

## THIRD CAUSE OF ACTION

39. Plaintiff repeats and re-alleges each and every allegation stated heretofore with the same force and effect as if stated herein.

40. Defendants have retaliated against Plaintiff and have denied him opportunities and directly impacted his wages on the basis of his age and gender in contravention of Title VII.

41. Plaintiff is suffering and continues to suffer irreparable injury and damages as a result of Defendants' discriminatory actions unless this Honorable Court grants relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff**,** James Walker, prays that this Honorable Court enter a judgment in his favor:

1) Declaring that the acts and practices of Defendants alleged herein are in violation of Title VII;

2) Awarding Plaintiff compensatory and other damages suffered by him, including but not limited to, damages for pain and suffering, humiliation and embarrassment, back pay, interest on back pay, front pay, lost benefits and any other equitable relief so determined by a jury, but not less than $386,000.00;

3) Awarding Plaintiff both liquidated and punitive damages, and for pre-judgment interest, attorney fees and the cost of this cause;

4) Granting such other and further relief as the Court so deems proper;

## DEMAND FOR A JURY TRIAL

Plaintiff, pursuant to the Federal Rules of Civil Procedure, Rule 38(b), demand a jury of six to try this case.

Respectfully Submitted,

s/Frank J. Steiner
Frank J. Steiner # 26920
2200 21st Avenue South, Suite 309
Nashville, Tennessee 37212
(615) 730-6090
*Attorney for Plaintiff, James Walker*